1 | Marcia N. Jackson (SBN 173682)
Bryan J. Wick
2 | **WICK PHILLIPS GOULD & MARTIN LLP**
2100 Ross Avenue, Suite 950
3 | Dallas, TX 75201
Telephone: (214) 692-6200
4 | Facsimile: (214) 692-6255
Marcia.Jackson@wickphillips.com

5 | Zachary A. Bulthuis (SBN 223825)
6 | **HUNTINGTON LEGAL SOLUTIONS**
17011 Beach Boulevard, Suite 900
7 | Huntington Beach, CA 92647
Telephone: (213) 268-3518
Facsimile: (714) 455-5754
8 | zbulthuis@huntingtonls.com

9 | Attorneys for Defendant
Nefab Packaging, Inc.

10

11 |                        UNITED STATES DISTRICT COURT
                        CENTRAL DISTRICT OF CALIFORNIA
12 |                          LOS ANGELES DIVISION

| | |
|---|---|
| 13  ENRIQUE F. GONZALEZ, | CV 13 - 04499 JAK (SSx) |
| **Individually and on behalf of other** | |
| 14  **Persons similarly situated,** | |
| | Civil Action No. _____ |
| 15       **Plaintiff,** | |
| | **DEFENDANT NEFAB** |
| 16  **vs.** | **PACKAGING, INC.'S** |
| | **NOTICE OF REMOVAL OF** |
| 17 | **CIVIL ACTION UNDER** |
| 18 | **28 U.S.C. § 1332, 1441 and 1446** |
| 19 | |
| **NEFAB PACKAGING, INC.** | Class Action Fairness Act |
| 20  **a New Hampshire Corporation, and** | |
| **DOES 1-10,** | **Complaint Filed: May 15, 2013** |
| 21 | |
| **Defendants.** | |
| 22 | |

23 |              DEFENDANT'S NOTICE OF REMOVAL OF
24 |       CIVIL ACTION UNDER 28 U.S.C. § 1332, 1441 and 1446

25 |     TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF

26 | ENRIQUE F. GONZALEZ and his attorneys of record:

27

28

PLEASE TAKE NOTICE that Defendant Nefab Packaging, Inc. ("Defendant" or "Nefab") files this Notice of Removal and removes this action from the Los Angeles Superior Court to the United States District Court for the Central District of California. The above-entitled case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441. In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

## I.
## INTRODUCTION

1.  On or about May 15, 2013, Plaintiff Enrique F. Gonzalez ("Plaintiff") commenced the aforementioned action against Nefab by filing a Complaint for Damages in the Superior Court of the State of California, County of Los Angeles, entitled *Enrique F. Gonzalez vs. Nefab Packaging, Inc., and Does 1 - 10*, Case No. BC509129 (the "State Court Action").

2.  Copies of the State Court Docket Sheet, the Summons, Civil Cover Sheet, Civil Case Cover Sheet Addendum, and all pleadings and process filed and served on Defendant in the State Court Action are attached to the Declaration of Marcia Nelson Jackson (attached as Exhibit A) as Exhibits A1-2.  Prior to filing this Notice of Removal, Defendant has not filed or served any process or pleadings in the State Court Action.  Jackson Declaration, ¶ 8.

3.  The State Court Action was served on May 22, 2013.  Jackson Declaration, ¶ 7; Exh. A2.  This Notice is timely filed in that it is filed within thirty

(30) days of service of the Summons and Complaint on Defendant. *See* 28 U.S.C. § 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."); *see also Koklich v. Cal. Dept. of Corrections*, 2012 U.S. Dist. LEXIS 25717, at *11 (E.D. Cal. Feb. 28, 2012) (noting that in all courts of the Ninth Circuit "each defendant is entitled to thirty days to exercise his removal rights after being served.") (citation and quotation omitted).

4.     Defendant denies that Plaintiff or any purported class member is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it.

## II.
## REMOVAL BASED ON DIVERSITY JURISDICTION

5.     This Court has original jurisdiction over this action first under 28 U.S.C. § 1332(a)(1), and it may thus be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, this action involves citizens of different states and complete diversity. From the facts as presently alleged in the Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     According to his Complaint, Plaintiff is a resident of Los Angeles County, California.  Complaint, ¶ 8.

7.     Defendant Nefab is a New Hampshire Corporation with its corporate headquarters in Texas.  *See* Complaint, ¶ 10; *see also* Exhibit B, Declaration of Victoria Guerre. Texas, and not California, is Nefab's principal place of business.

*See, e.g., Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010) (clarifying that the state where corporate headquarters is located is the state which has its principal place of business).   For purposes of diversity jurisdiction, Nefab is a citizen of New Hampshire and Texas; not California.   Thus, Plaintiff and Nefab are citizens of different States under 28 U.S.C. § 1332(a).

8.   Does 1 through 10 are wholly fictitious.   The Complaint does not set forth the identity or the status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.   The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this case.   *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

9.   In considering whether the amount in controversy is clear from the face of the complaint, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."   *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Bolton v. U.S. Nursing Corp.*, 2012 U.S. Dist. LEXIS 152387 (N.D. Cal. Oct. 23, 2012).   This inquiry focuses on the amount put "in controversy" by the complaint, as opposed to the amount, if any, Defendant will actually be obligated to pay.   *Korn*, 536 F. Supp. 2d at 1205.   Defendant is not required to precisely prove the amount placed in controversy by Plaintiff in order to support its Notice of Removal, but rather to make reasonable assumptions based on the allegations in

Plaintiff's Complaint.  *See, e.g.*, *Altamirano v. Shaw Industries, Inc.,* 2013 U.S. Dist. LEXIS 84236, at *13-16 (N.D. Cal. June 14, 2013) (denying motion to remand) (multiple citations omitted),

10.    In the State Court Action, Plaintiff brings the following claims: (1) failure to pay minimum wage; (2) failure to provide accurate wage statements; (3) violation of Labor Code Section 2802; (4) failure to pay timely wages upon cessation of employment; and (5) unfair competition.  *See* Complaint.

11.    Among other things, Plaintiff alleges that he and the proposed class members are each entitled to damages that include, for example:

*The difference between actual wages paid and twice the minimum wage for a period spanning four years;*

*Prejudgment Interest;*

*Liquidated damages;*

*Penalties for inaccurate wage statements;*

*Cost of hand tools;*

*Continuation of wages for failure to timely pay earned wages upon termination; and*

*Attorneys' fees.*

*See* Complaint, pp. 13-14.

12.    Notably, nowhere in Plaintiff's Complaint does he include any specific amount he contends is in controversy.   Nor does Plaintiff include any judicial admission or other statement that he or any other class member is seeking less than

$75,000, or that he will accept less than $75,000 in recovery for either himself or any other person who may join the lawsuit or become part of the proposed "class." Based on the number and type of claims plead, as well as the specific relief requested, it appears clear from the face of the Complaint that the amount in controversy is at least $75,000.

13.     For example, Plaintiff claims that "at all relevant times" he was an employee of Defendant.[1]  Complaint, ¶ 14.  Plaintiff further claims that "at all times during the liability period" (which Plaintiff defines as being four years prior to the date his Complaint was filed, or alternatively four years immediately prior to any kind of class notification being delivered) (*e.g.,* Complaint, ¶ 25), he was improperly denied, and is thus due, twice the minimum wage provided in California over a four-year period.  Complaint, ¶¶ 35-37, 49-50.

14.     Using Plaintiff's allegations, and assuming a disparity between "twice the minimum wage"[2] and actual wages paid of $6-8 per hour, Plaintiff appears to be seeking between $48,000-64,000 in back-pay alone.  $6-8/hour[3] x 40 hours/week x 50 weeks/year x 4 year statute of limitations =  $48,000 - 64,000.  This amount,

---

[1] Nefab denies that it employed Plaintiff during any relevant time.

[2] The Court is requested to take judicial notice of the fact that the California minimum wage is presently $8/hour.

[3] In that Defendant never actually employed Plaintiff, it cannot, with certainty, estimate the actual wages paid to him.  However, according to the 2009 contract between Defendant and Plaintiff's actual employer, it appears that the wage rate paid to Plaintiff and/or the other proposed class members ranged from approximately $8/hour to $10/hour.  *See* Guerre Declaration, ¶ 6.

when added to Plaintiff's additional claims and request for statutory attorneys' fees and the monetary value of the requested injunctive relief (*see* ¶¶ 22-26, *infra*), firmly places the amount in controversy well above the $75,000 threshold for diversity jurisdiction.

## III.
## CLASS ACTION FAIRNESS ACT
## JURISDICTION PURSUANT TO 28 U.S.C. §1332(D)

15.    Plaintiff has styled this case as a class action pursuant to California Code of Civil Procedure 382.  Complaint, ¶ 1.  Although Defendant does not believe that Plaintiff's claims either have merit or are appropriate for class certification, because of the way in which Plaintiff has chosen to draft his Complaint, removal to federal court is also appropriate under the Class Action Fairness Act.

16.    Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - (A) any member of a class of plaintiffs is a citizen of a state different from any defendant.

28 U.S.C. § 1332(d)(2).

### CAFA Requirements for Numerosity and Diversity

17.    This court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this case may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the

proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and any defendant.  28 U.S.C. § 1332(d); *see also* ¶¶ 6-8, *supra.*

18.     Plaintiff brings this action on his own behalf, and as a class action. Complaint, ¶ 1.  Plaintiff purports to seek to represent similarly situated employees who currently work for Nefab in California and who have been required to supply or purchase tools and/or safety equipment for the past three-four years.  (Complaint, p. 5.)  Plaintiff alleges that there are at least 100 individuals who belong to this "class." Complaint, p. 6.   Plaintiff also seeks to represent all former employees of Nefab – both inside and outside California – who were required to purchase hand tools or steel-toed boots at any time during the past three years.  Complaint, p. 6.  Plaintiff does not estimate the size of this class, but a review of Nefab records reveals that there are at least 290 members of this purported "class."   Guerre Declaration, ¶ 5. As such, the numerosity requirement of CAFA is met.

<u>The Amount In Controversy For Purposes of the CAFA</u>

19.     Again, while denying any liability on Plaintiff's individual or class claims, as well as any related request for relief, based upon the facial allegations in Plaintiff's Complaint and assuming, *arguendo,* that Plaintiff's requested "class(es)" were able to prove these allegations, the total amount placed into controversy by

Plaintiff  and other class members based on the face of Plaintiff's Complaint is in excess of $5 million, including attorneys' fees, but exclusive of interest and costs.

20.    As discussed herein, to measure the amount in controversy, courts first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Additionally, the Court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

21.    Where, like here, the complaint does not clearly establish the jurisdictional amount,  the Court may consider facts in the removal petition.  *Singer*, 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").  Defendants need only to establish that Plaintiff's claims and the claims of the putative class exceed the jurisdictional minimum.  Defendant can do so here.

22.    For example, for the "no less than" 100 class members for whom Plaintiff seeks to recover the difference between actual wages paid and "twice the minimum wage" (*see* Complaint, ¶ 35) for a period of 4 years, the amount in controversy for each class member can be roughly calculated as $48,000 - 64,000

(*see* ¶ 14, *supra*).  That amount multiplied by the number of alleged class members (at least 100) can be assumed to range from: $4,800,000-6,400,000.

23.     As to the claim for   <u>Failure to Provide Accurate Wage Statements,</u> Plaintiff seeks a maximum of $4,000 for himself and at least 100 class members, for a total of $400,000 in additional relief to the purported class.  *See* Complaint, ¶¶ 9-10.

24.     Plaintiff also claims <u>Failure to Timely Pay Wages</u>, seeking continuation of wages for the approximate 290 potential members of the "Former Employee Class" for a maximum of thirty days.  Assuming a wage rate of $8-10/hour, and 21 work days in a 30-day period, this amount ranges from $6,720 to $8,400 per class member, or a range of $1,948,000 to 2,436,000 in additional class relief.

25.     Plaintiff also alleges <u>Unfair Competition under California Business and Professions Code Section 17200</u>.  Although the monetary value of the injunctive relief available under Section 17200 is unclear, some courts have measured the value by examining the cost of damages allegedly created by the purported violations.  *See e.g.*, *Int'l Padi, Inc. v. Diverlink*, 2005 U.S. App. LEXIS 14234 (9th Cir. July 13, 2005); *Lyon v. W.W. Grainger*, 2010 U.S. Dist. LEXIS 50979 (N.D. Cal. Apr. 29, 2010).  Using this calculation, the value of the requested injunction to the class can very conservatively be estimated in the range of $5 million.

26.     The Plaintiff class also seeks <u>Attorneys' Fees</u> both under California Labor Code Section 2802 and California Business and Professions Code Section

17200 et seq.  In attempting to estimate the amount of attorneys' fees to be included in determining the amount in controversy for purposes of removal, the Ninth Circuit has approved an estimate of 25% of the total recovery sought.  *See, e.g.*, *Altamirano v. Shaw Industries, Inc.*, 2013 U.S. Dist. LEXIS 84236 (N.D. Cal. June 14, 2013) (denying motion to remand) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).  As currently worded, and conservatively assuming that Plaintiff's Complaint seeks approximately $7 to 10 million in class damages,  adding 25% of that amount to the total brings the total amount in controversy of Plaintiff's class claims (even without including the monetary value of the requested injunctive relief), to well over the $5 million jurisdictional threshold for CAFA removal jurisdiction.[4]

27.    Defendant can show and has shown by a preponderance of evidence that the matter in controversy exceeds the $5,000,000 threshold set forth in CAFA, and because Plaintiff and the putative class members are citizens of a state different from Defendant, removal of this action is proper under CAFA.

## IV.
## CONCLUSION AND REQUEST FOR RELIEF

For all of the foregoing reasons, Defendant Nefab Packaging, Inc. respectfully submits that the State Court Action is removable to this Court under both complete diversity and the CAFA.

---

[4] Defendant provides the foregoing calculations only to demonstrate that the amount in controversy in this case meets or exceeds the amount in controversy requirement

1    Contemporaneous with the filing of this Notice of Removal, written notice of

2  this filing will be served on Plaintiff's counsel of record.  Jackson Declaration, Exh.

3  A3.  In addition, a copy of the Notice of Removal will be filed with the Clerk for the

4  Los Angeles County Superior Court.

5    WHEREFORE, Defendant prays that this action stand and remain removed

6  from the Superior Court for the County of Los Angeles to this Court.

9  DATED:  June 21, 2013                            Respectfully Submitted,

12                                    *Marcia Jackson*

13                                    Marcia N. Jackson (SBN 173682)
                                      Bryan J. Wick (pro hac vice application
14                                    to be filed)
                                      WICK PHILLIPS GOULD &
15                                    MARTIN LLP
                                      2100 Ross Avenue, Suite 950
16                                    Dallas, TX 75201
                                      Telephone: (214) 692-6200
17                                    Facsimile: (214) 692-6255
                                      mjackson@wickphillips.com
18
                                      Zachary A. Bulthuis (SBN 223825)
19                                    HUNTINGTON LEGAL SOLUTIONS
                                      17011 Beach Blvd. Ste. 900
20                                    Huntington Beach, CA  92647
                                      Telephone: (213) 268-3518
21                                    Facsimile: (714) 455-5754
                                      zbulthuis@huntingtonls.com
22

26  DOCS31018

28  of the Act.  The calculations set forth herein are not and should not be construed as
    admissions with respect to any liability or damages aspect of this case.

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

Marcia N. Jackson (SBN 173682)
**WICK PHILLIPS GOULD & MARTIN LLP**
2100 Ross Avenue, Suite 950
Dallas, TX 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
Marcia.Jackson@wickphillips.com

Zachary A. Bulthuis (SBN 223825)
**HUNTINGTON LEGAL SOLUTIONS**
17011 Beach Boulevard, Suite 900
Huntington Beach, CA  92647
Telephone: (213) 268-3518
Facsimile: (714) 455-5754
zbulthuis@huntingtonls.com

Attorneys for Defendant
Nefab Packaging, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| **ENRIQUE F. GONZALEZ,** **Individually and on behalf of other** **Persons similarly situated,** ) ) ) | Civil Action No. _____ |
| **Plaintiff,** ) ) | **DECLARATION OF** **MARCIA N. JACKSON** |
| **vs.** ) ) ) ) ) | |
| ) ) | **Complaint Filed: May 15, 2013** |
| **NEFAB PACKAGING, INC.** **a New Hampshire Corporation, and** **DOES 1-10,** ) ) ) ) ) | |
| **Defendants.** ) | **JURY TRIAL DEMAND** |

**DECLARATION OF MARCIA N. JACKSON**

1.    I, Marcia N. Jackson, declare as follows:

2.    I am over the age of 18 years, have never been convicted of a felony, and  have personal knowledge of the facts set forth in this Declaration.  If called as a witness, I could and would testify competently to these facts under oath.

3.      I am an attorney duly licensed to practice in the States of California and Texas and in the Central District of California, as well as many other federal district courts.

4.      I am a Partner with Wick Phillips Gould & Martin, LLP and an attorney for all defendants in the above-entitled lawsuit.  The facts set forth herein are true, correct, and within my personal knowledge.

5.      I have prepared the Notice of Removal of this case to the United States District Court for the Central District of California on behalf of Defendant Nefab Packaging, Inc. ("Defendant" or "Nefab").

6.      Attached hereto as Exhibit 1 is a true and correct copy of the docket sheet from the state court lawsuit that was obtained online on June 19, 2013.

7.      Attached hereto as Exhibit 2 are true and correct copies of all pleadings and process received by Defendant, and an index listing those documents.   As indicated therein, Nefab was served with the Complaint on May 22, 2013.  At this time, I am not aware of any additional or different pleadings that have been served on Defendant.

8.      Defendant has not served any pleading or process other than identified herein.

9.      Attached hereto as Exhibit 3 is a true and correct copy of the Notice of Removal filed in the Superior Court of California notifying it of the removal of this action to federal court, a copy of which has been served on Plaintiff's counsel.

I declare under penalty of perjury, under the laws of the State of California, the State of Texas, and the United States of America that the foregoing is true and correct, and within my personal knowledge.

DECLARATION OF MARCIA N. JACKSON

1   Executed this 20th day of June, 2013, in Dallas, Texas.

2

3

4

Marcia N. Jackson

5   DOCS31020

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A-1**

## Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC509129
ENRIQUE F GONZALEZ VS NEFAB PACKAGING INC

**Filing Date:** 05/15/2013
**Case Type:** Other Employment Complaint (General Jurisdiction)
**Status:** Pending

Future Hearings

None

Documents Filed | Proceeding Information

Parties

DOES 1-10 - Defendant/Respondent

GONZALEZ ENRIQUE F. - Plaintiff/Petitioner

LAW OFFICE OF KENNETH GOLDMAN - Attorney for Plaintiff/Petitioner

LAW OFFICES OF ARI MOSS - Attorney for Plaintiff/Petitioner

LAW OFFICES OF ZORIK MOORADIAN - Attorney for Plaintiff/Petitioner

NEFAB PACKAGING INC. - Defendant/Respondent

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Documents Filed (Filing dates listed in descending order)

**06/03/2013** Rtn of Service of Summons & Compl
Filed by Attorney for Plaintiff/Petitioner

**05/15/2013** Complaint

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)
None

Case Information | Party Information | Documents Filed | Proceeding Information

## **EXHIBIT A-2**



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 11204131
Date Processed: 05/23/2013

| Primary Contact: | Art Babb<br>Nefab Companies, Inc.<br>204 Airline Drive<br>Suite 100<br>Coppell, TX 75019 |
|---|---|
| Copy of transmittal only provided to: | Victoria Guerre |

| Entity: | NEFAB Packaging, Inc.<br>Entity ID Number  2896618 |
|---|---|
| Entity Served: | Nefab Packaging, Inc. |
| Title of Action: | Enrique F. Gonzalez vs. Nefab Packaging, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC509129 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/22/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ari E. Moss<br>310-982-2984 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEFAB PACKAGING, INC., a New Hampshire Corporation, and
DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENRIQUE F. GONZALEZ, individually and on behalf of other persons
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 15 2013

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court | CASE NUMBER: *(Número del Caso):* BC 5 0 9 1 2 9 |
|---|---|

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ari E. Moss, 15300 Ventura Boulevard, Suite 207, Sherman Oaks, CA 91403 310-982-2984

Mary Flores

DATE:
*(Fecha)* MAY 15 2013   JOHN A. CLARKE, Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Nefab Packaging, Inc.

under: [X] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ari E. Moss (SBN 238579)<br>LAW OFFICES OF ARI MOSS<br>15300 Ventura Boulevard, Suite 207<br>Sherman Oaks, CA 91403<br>TELEPHONE NO: 310-982-2984  FAX NO: 310-861-0389<br>ATTORNEY FOR *(Name):* Plaintiff Enrique F. Gonzalez | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 15 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Gonzalez v. Nefab Packaging, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC509129 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 15, 2013
Ari E. Moss
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Gonzalez v. Nefab Packaging, Inc. | CASE NUMBER BC509912 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL _10_ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Gonzalez v. Nefab Packaging, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Gonzalez v. Nefab Packaging, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Gonzalez v. Nefab Packaging, Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 North Hill Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___May 15, 2013___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for Issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

1   Ari E. Moss, Esq. (SBN 238579)
    LAW OFFICES OF ARI MOSS
2   15300 Ventura Boulevard, Suite 207
    Sherman Oaks, California 91403
3   Telephone: (310) 982-2984 / Facsimile: (310) 861-0389
    ari@arimoss.com
4
    Kenneth A. Goldman, Esq. (SBN5 250941)
5   LAW OFFICE KENNETH GOLDMAN
    15300 Ventura Boulevard, Suite 207
6   Sherman Oaks, California 91403
    Telephone: (818) 287-7689 / Facsimile: (818) 287-7816
7   ken@kengoldmanlaw.com

8   Zorik Mooradian (SBN 136636)
    LAW OFFICES OF ZORIK MOORADIAN
9   16501 Ventura Boulevard, Suite 470
    Encino, California 91436
10  Telephone: (818) 783-4700 / Facsimile: (818) 783-8983

11  Attorneys for Plaintiff ENRIQUE F. GONZALEZ

12

13              SUPERIOR COURT OF CALIFORNIA

14      COUNTY OF LOS ANGELES, CENTRAL DISTRICT   BC 5 0 9 1 2 0

15  ENRIQUE F. GONZALEZ, individually and    Case No.:
    on behalf of other persons similarly situated,
16                                           CLASS ACTION
            Plaintiff,
17                                           COMPLAINT FOR DAMAGES
        vs.
18                                           1.   FAILURE TO PAY MINIMUM
    NEFAB PACKAGING, INC., a New                  WAGES
19  Hampshire Corporation, and DOES 1-10    2.   FAILURE TO PROVIDE
                                                  ACCURATE WAGE
20          Defendants.                           STATEMENTS
                                             3.   VIOLATION OF LABOR CODE
21                                                SECTION 2802
                                             4.   FAILURE TO PAY TIMELY
22                                                WAGES UPON CESSATION OF
                                                  EMPLOYMENT
23                                           5.   UNFAIR COMPETITION (Bus. &
                                                  Prof Code. §§ 17200 et seq.)
24
                                             DEMAND FOR JURY TRIAL
25

26

27      Plaintiff ENRIQUE F. GONZALEZENRIQUE F. GONZALEZ ("Plaintiff") on behalf of

28  himself, and all others similarly situated, complains and alleges as follows:

                                                    CLASS ACTION COMPLAINT

## INTRODUCTION

1.     This is a class action lawsuit, under Code of Civil Procedure § 382, seeking unpaid wages, and interest thereon for, waiting time penalties in the form of continuation wages for failure to timely pay employees, repayment of costs incurred by employees on behalf of Defendant, penalties for failure to provide accurate wage statements, injunctive relief and other equitable relief, reasonable attorneys' fees and costs, brought on behalf of Plaintiff and other similarly situated.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure § 410.10.

3.     This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid wages pursuant to Labor Code § 1194.

4.     This Court has jurisdiction over Plaintiff's and Class Members' claims for waiting time penalties under California Labor Code § 218 *et seq.*

5.     This Court has jurisdiction over Plaintiff's and Class Members' claims for improper wage statements pursuant to California Labor Code § 218 *et seq.*

6.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, and restitution of unpaid wages and other ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under California Business & Professions Code §§17200 *et seq.*

7.     Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.5 because the acts, conduct, omissions, and events alleged herein, occurred, as to a large portion of the class members, including Plaintiff in Los Angeles County.  Defendants operate its business in in Los Angeles County as well as other Counties within the State of California.

///

///

CLASS ACTION COMPLAINT

**PARTIES**

8.     Plaintiff ENRIQUE F. GONZALEZ is a Los Angeles County resident.  Plaintiff was employed by Defendants on an hourly basis (designated herein as "hourly paid employee") in the County of Los Angeles.

9.     Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

10.     Defendant Nefab Packaging, Inc. ("Nefab") is a corporation organized under the laws of New Hampshire and doing business within California.

11.     Nefab has significant contacts with California and the activities complained of herein occurred in whole or in part in Los Angeles County and throughout California.

12.     Plaintiff is informed an believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Defendant.

13.     Plaintiff is unaware of the true names of Defendants DOES 1 through 50.  Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

14.     Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint.  Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships

3

1    alleged above, and that at all relevant times, each Defendant knew or should have known about,

2    authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other

3    Defendants. As used in this complaint "Defendant" means "Defendants and each of them," and

4    refers to the Defendant named in the particular cause of action in which the word appears and

5    includes American Guard Services, Inc. and DOES 1 through 50.

6         15.    At all times mentioned herein, each Defendant was the co-conspirator, agent,

7    servant, employee, and/or joint venture of each of the other Defendants and was acting within the

8    course and scope of said conspiracy, agency, employment, and/or joint venture and with the

9    permission and consent and knowledge of each of the other Defendants.

10        16.    Plaintiff makes the allegations in this complaint without any admission that, as to

11   any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and

12   Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

13

14                    **FACTS COMMON TO CAUSES OF ACTION**

15        17.    Defendant is a New Hampshire headquartered manufacturing and packaging

16   company that operates throughout the United States including in the Counties of Los Angeles

17   and Santa Clara in California. Every day, Nefab operates in at least two counties within

18   California.

19        18.    At all times during the liability period, Defendants employed Plaintiff and other

20   similarly situated hourly paid employees in California including within the County of Los

21   Angeles.

22        19.    During the liability period, Plaintiff and other similarly situated hourly paid

23   employees were required, as part of their work to purchase and maintain hand tools, including,

24   hammers and measuring tapes. Additionally, Plaintiff and all other similarly situated employees

25   were required to purchase and maintain steel-toed shoes or boots ("steel toed boots") to insure

26   that Nefab was compliant with OSHA and Cal-OSHA regulations.

27        20.    Even though Plaintiff and the similarly situated employees were required to own,

28   carry and maintain "hand tools" they were never paid the required wage-rate for employees who

                                          4
                                                        **CLASS ACTION COMPLAINT**

1 | provide their own tools nor were they recompensed for the cost of those tools.

2 | 21. Even though Plaintiff and those similarly situated were required to own and

3 | maintain steel-toed boots they were never recompensed for the cost of those boots.

4 | 22. Plaintiff and the putative classes were suffered and permitted to work without

5 | minimum wages or pay, and they were required to do so by the Defendants.

6 | 23. At all times during the liability period, Plaintiff and the other similarly situated

7 | hourly employees did not receive wage statements that reflected the proper amount of pay they

8 | were owed.

9 | 24. At all times during the liability period, Plaintiff and other similarly situated

10 | former hourly paid employees did not receive all money owed them at the time their employment

11 | with Defendants ceased and still have not received such pay.

12

13 | **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

14 | 25. Plaintiff brings this action on behalf of himself, on behalf of all others similarly

15 | situated, and on behalf of the General Public, and as a member of two Classes defined as

16 | follows:

17 | **Hourly Paid Employee Class:** All employees of Nefab

18 | Packaging, Inc. in California who were paid on an hourly basis

19 | at anytime during the time beginning four (4) years prior to

20 | the filing of the Complaint through the date notice is mailed to

21 | the Class who are required to supply hand-tools as part of

22 | their employment.

23

24 | **Repayment of Costs Class:** All employees of Nefab Packaging,

25 | Inc. in California who were required to purchase steel-toed

26 | boots or shoes, or hammers during the time beginning three (3)

27 | years prior to the filing of the Complaint through the date

28 | notice is mailed to the Class.

5

**Former Employee Class:**   All former employees of Nefab Packaging, Inc. during the time beginning three (3) years prior to the filing of the complaint through the date notice is mailed to the class who were required to supply hand-tools, or purchase steel toed boots as part of their employment.

26.   This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

27.   **Numerosity of the Class:** Members of the Classes are so numerous that their individual joinder is impracticable.  Plaintiff estimates that there are no less than 100 persons in the Hourly Paid Employee Class and no less than 40 persons in the Former Employee Class.  The precise number of members in the respective Classes and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes that the number can be obtained from Defendants' records.  Class members may be notified of the pendency of this action by electronic mail, the Internet, other mail, or published notice.

28.   **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Classes.  These questions predominate over any questions effecting only individual members of the classes.  These common factual and legal questions include:

(a)   Whether Defendants failed to pay members of the hourly paid employees class for all time worked?

(b)   Whether Plaintiff and the putative classes are owed two times the minimum wage as the minimum wage because Plaintiff and the putative classes were required to bring hand-tools to work?

(c)   Whether Defendant, in failing to pay two-times the minimum wage, did not actually pay the minimum-wage and therefore is liable for liquidated damages?

(d)   Whether hammers and/or measuring tapes are hand tools under California

**CLASS ACTION COMPLAINT**

law giving rise to premium minimum wages?

(e)     Whether Plaintiff and other members of the Hourly Paid Employee class, who were required to purchase steel-toed boots, to keep Nefab in compliance with OSHA Regulations and Cal-OSHA regulations are entitled to repayment of the expense of those boots under California law?

(f)     Whether Defendants failed to provide members of the hourly paid employee class who ceased employment with Defendants all wages owed at the time of the cessation of the employee-employer relationship?

(g)     Whether Defendants committed unlawful business practices or acts within the meaning of Business & Professions Code Sects. 17200 *et seq.*?

(h)     Whether, as a consequence of Defendants' unlawful conduct, the Class members are entitled to restitution, and/or equitable relief;

(i)     Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and the Class members as a whole?

29.     **Typicality:**  Plaintiff's claims are typical of the claims of the members of the Hourly Employee Class because Plaintiff, as an hourly paid manufacturing employee, was exposed to the same unlawful business practices as the members of the Hourly Employee Class. Plaintiff's claims are typical of the claims of the members of the Former Employee Class because Plaintiff, as a former manufacturing employee, was exposed to the same unlawful business practices as the members of the Former Employee Class.  Plaintiff sustained the same types of injuries and losses that the class members sustained.  Plaintiff is subject to the same affirmative defenses the members of the Classes.

30.     **Adequacy:**  Plaintiff will adequately and fairly protect the interests of the members of the Classes.  Plaintiff has no interest adverse to the interests of absent members of the Classes.  Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

31.     **Superiority:**  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the

7

court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

### FIRST CAUSE OF ACTION
#### FAILURE TO PAY
#### MINIMUM WAGES
**(By Plaintiff and the Hourly Paid Employee Class)**

32.   Plaintiff incorporates paragraphs 1 through 31 of this Complaint as though fully alleged herein.

33.   At all relevant times, Plaintiff and the other members of the Putative Class were employees of Defendant covered by Labor Code Section 1197, Wage Order 1-2001.

34.   Pursuant to Labor Code Section 1197, Wage Order 1-2001 Plaintiff and the other members of the Putative Class were entitled to receive minimum wages for all hours worked.

35.   Defendant failed to pay Plaintiff and other members of the Putative Class at least two times the minimum wages, which is the minimum amount of compensation required for those individuals who bring their own hand-tools to work, for all hours worked in violation of Labor Code Section 1197, Wage Order 1-2001.  Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendant maintained and continues to maintain a policy or practice of failing to properly compensate class members for all hours worked.

36.   As a result of Defendant's unlawful conduct, Plaintiff and other members of the Putative Class have suffered damages in an amount, subject to proof, to the extent they were not paid properly calculated minimum wages for all hours actually worked.

CLASS ACTION COMPLAINT

37.     Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiff and other members of the Putative Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE
### ACCURATE WAGE STATEMENTS
#### (By Plaintiffs and the Hourly Paid Employee Class against Defendant)

38.     Plaintiff incorporates paragraphs 1 through 43 of this Complaint as though fully alleged herein.

39.     At all relevant times, Plaintiff and the other members of the Putative Classes were employees of Defendant covered by Labor Code Section 226.

40.     Pursuant to Labor Code Sections 226(e), Plaintiff and other members of the Putative Classes were entitled to received at the time they received payment for their work, but not less than semi-monthly, an accurate itemized statement showing: (1) gross wages earned; (2) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (4) the corresponding number of hours worked at each rate by each employee.

41.     Defendant failed to pay Plaintiff and other members of the Putative Classes the proper hourly wages to which they were entitled, and therefore failed to provide timely accurate wage statements to Plaintiff and the other members of the Putative Classes.

42.     Defendant's failure to provide Plaintiff and the members of the Putative Classes with accurate wage statements was willful, knowing, and intentional.

43.     As a result of being provided with inaccurate wage statements Plaintiff and the Putative Classes suffered injury. Their legal right to know what their actual pay should have been has been denied, they were misled by Defendant for Defendant's benefit. Plaintiff and other members of the Putative Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid continuation wages.

44.     Pursuant to Labor Code Section 226(e), Plaintiff and the members of the Putative Classes are entitled to the greater of actual damages, or penalties of $50.00 for the initial pay period in which the violation of Labor Code Section 226(a) occurred and $100.00 for each

9

subsequent pay period, not to exceed a total penalty of $4,000.00 per individual.

### THIRD CAUSE OF ACTION
### FAILURE TO REPAY COSTS INCURRED
### FOR BENEFIT OF EMPLOYER
**(By Plaintiff and the Repayment of Costs Class against Defendant)**

45.     Plaintiff incorporates paragraphs 1 through 44 of this complaint as though fully alleged herein.

46.     At all relevant times, Plaintiff and the other members of the Putative Class were employees of Defendant.

47.     As employees, Plaintiff and all members of the Hourly Paid Employee Class were required to purchase for the benefit of Defendant, hand-tools and safety shoes (i.e. steel-toed boots).

48.     Defendant failed to repay to Plaintiff and other members of the Hourly Paid Employee Class those expenses incurred by Plaintiff and other members of the Hourly Paid for Defendant's benefit and at Defendant's instruction.

49.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Putative Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

50.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members of the Putative Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES TIMELY
### UPON CESSATION OF EMPLOYMENT
**(By Plaintiffs and the Former Employee Class against Defendant)**

51.     Plaintiff incorporates paragraphs 1 through 50 of this complaint as though fully alleged herein.

52.     At all relevant times, Plaintiff and the other members of the Former Employee Putative Class were employees of Defendant covered by Labor Code Section 201 or 202.

10

53.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the Former Employee Putative Class were entitled upon cessation of employment with Defendant to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72-hours after giving notice of resignation or, if they gave 72-hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

54.     Defendant failed to pay Plaintiff and other members of the Former Employee Putative Class all wages earned and unpaid prior to termination timely in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendant maintained and continues to maintain a policy or practice of paying terminated employees the final wages earned before termination without regard for the date payment was due under Labor Code Section 201 or 202.

55.     Defendant's failure to pay Plaintiff and members of the Former Employee Putative Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendant had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

56.     Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Former Employee Putative Class are entitled to all wages earned prior to termination that Defendant failed to pay them.

57.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Former Employee Putative Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

58.     As a result of Defendant's conduct, Plaintiff and other members of the Former Employee Putative Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination but no more than thirty (30)

11

1  additional days of continuation wages and interest thereon for the time period permitted by law.

2       59.   As a result of Defendant's conduct, Plaintiff and members of the Former
3  Employee Putative Class have suffered damages in an amount, subject to proof, to the extent
4  they were not paid all continuation wages owed under Labor Code Section 203.

5       60.   Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of
6  the Former Employee Putative Class are entitled to recover the full amount of their unpaid
7  wages, continuation wages under Labor Code Section 203, reasonable attorney's fees and costs
8  of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other
9  members of the Putative Class are entitled to recover prejudgment interest on the amount of their
10  unpaid wages and unpaid continuation wages.

11

12  **FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
13  **(By Plaintiff and the Hourly Paid Employee against Defendant)**

14       61.   Plaintiff incorporates paragraphs 1 through 60 of this complaint as if fully alleged
15  herein.

16       62.   The unlawful conduct of Defendant alleged herein constitutes unfair competition
17  within the meaning of Business and Professions Code Section 17200 *et seq.* Due to its unlawful
18  and unfair business practices in violation of the Labor Code, Defendant has gained a competitive
19  advantage over other comparable companies doing business in the State of California that
20  comply with their obligations to compensate employees for all earned wages as required by law.

21       63.   As a result of Defendant's unfair competition as alleged herein, Plaintiff and other
22  members of the Putative Classes have suffered injury in fact and lost money or property.
23  Plaintiff and members of the Putative Classes have been deprived of their rights to minimum
24  wages for all hours worked; overtime wages for all overtime hours worked; timely payment of
25  all earned wages each pay period; accurate wage statements; and/or timely payment of all earned
26  wages due upon termination of employment.

27       64.   Pursuant to Business and Professions Code Section 17203, Plaintiff and other
28  members of the Putative Classes are entitled to restitution of all wages and other monies owed

12

1  and belonging to them, including interest thereon, that Defendant wrongfully withheld from them

2  and retained for itself by means of its unlawful and unfair business practices.

3      65.    Pursuant to Business and Professions Code Section 17203, Plaintiff and other

4  members of the Putative Classes are entitled to an injunction to prevent the continuation of

5  Defendant's unlawful and unfair business practices that constitute unfair competition. Injunctive

6  relief is warranted because Defendant continues to engage in unlawful and unfair business

7  practices with respect to currently employed members of the Putative Classes, and such members

8  of the Putative Classes have no adequate legal remedy for the continuing injuries that will be

9  suffered as a result of Defendant's ongoing unlawful conduct.   Injunctive relief is the only

10 remedy available to prevent Defendant from continuing to engage in the unlawful and unfair

11 business practices described herein.

12     66.    Plaintiff and members of the Putative Classes are entitled to recover reasonable

13 attorney's fees in connection with their unfair competition claims pursuant to Code of Civil

14 Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

15

16                          **PRAYER FOR RELIEF**

17     WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for

18 relief and judgment against Defendants as follows:

19                          **CLASS CERTIFICATION:**

20     1.    An order that the action be certified as a class action;

21     2.    An order that Plaintiff be certified as the representative of the Classes;

22     3.    An order that counsel for Plaintiff be confirmed as Class counsel;

23                    **ON THE FIRST CAUSE OF ACTION:**

24     1.    Damages for unpaid minimum wages, including the difference between the wage

25          paid and the minimum wage;

26     2.    Prejudgment interest;

27     3.    Liquidated damages;

28 ///

1                        <u>ON THE SECOND CAUSE OF ACTION:</u>

2       1.     Penalties for inaccurate wage statements;

3       2.     Prejudgment interest;

4                        <u>ON THE THIRD CAUSE OF ACTION:</u>

5       1.     The cost of the hand tools purchased by each member of the putative class;

6       2.     The cost of the safety shoes purchased by each member of the putative class;

7       3.     Prejudgment interest;

8                      <u>ON THE FOURTH CAUSE OF ACTION:</u>

9       1.     Damages for unpaid wages earned prior to termination of employment;

10      2.     Damages for unpaid continuation wages owed for failing to pay all earned wages

11            timely upon termination of employment;

12      3.     Prejudgment interest;

13                      <u>ON THE FIFTH CAUSE OF ACTION:</u>

14      1.     Restitution of all unpaid wages and other monies owed and belonging to Class

15            members that Defendant unlawfully withheld from them and retained for itself;

16      2.     Prejudgment interest;

17      3.     An order enjoining Defendant from engaging in the unfair and unlawful business

18            practices described herein;

19 /// 

20 /// 

21 /// 

22 /// 

23 /// 

24 /// 

25 /// 

26 /// 

27 /// 

28 /// 

CLASS ACTION COMPLAINT

<u>ON ALL CAUSES OF ACTION:</u>

1.   Judgment in favor of Plaintiffs and the Class and against Defendant;

2.   Reasonable attorney's fees;

3.   Costs of suit; and

4.   Such other relief as the Court deems just and proper.

DATED: May 14 2013

LAW OFFICES OF ARI MOSS
LAW OFFICE OF KENNETH A. GOLDMAN, PC
LAW OFFICES OF ZORIK MOORADIAN

By: _____
     Ari E. Moss, Esq.
     Attorneys for Plaintiff, ENRIQUE F. GONZALEZ

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

DATED: May 14, 2013

LAW OFFICES OF ARI MOSS
LAW OFFICE OF KENNETH A. GOLDMAN, PC
LAW OFFICES OF ZORIK MOORADIAN

By: _____
     Ari E. Moss, Esq.
     Attorneys for Plaintiff, ENRIQUE F. GONZALEZ

15

CLASS ACTION COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT -- CLASS ACTION CASES

Case Number _____   BC 5 0 9 1 2 0

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to Plaintiff/Cross-Complainant/Attorney of Record on _____.       JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):              FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:
_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

_____            ➤ _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                       JUDICIAL OFFICER

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT
MAY 15 2013
~~~ CLARKE, CLERK
~~ARY FLORES, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEFAB PACKAGING, INC., a New Hampshire Corporation, and
DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENRIQUE F. GONZALEZ, individually and on behalf of other persons
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court

**CASE NUMBER:**
*(Número del Caso):*

BC509129

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ari E. Moss, 15300 Ventura Boulevard, Suite 207, Sherman Oaks, CA 91403 310-982-2984

DATE: MAY 15 2013
*(Fecha)*

JOHN A. CLARKE

Clerk, by
*(Secretario)*

Mary Flores

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# **EXHIBIT A-3**

1  Marcia N. Jackson (SBN 173682)
2  **WICK PHILLIPS GOULD & MARTIN LLP**
   2100 Ross Avenue, Suite 950
   Dallas, TX 75201
3  Telephone: (214) 692-6200
   Facsimile: (214) 692-6255
4  Marcia.Jackson@wickphillips.com

5  Zachary A. Bulthuis (SBN 223825)
   **HUNTINGTON LEGAL SOLUTIONS**
6  17011 Beach Blvd. Ste. 900
   Huntington Beach, CA  92647
7  Telephone: (213) 268-3518
   Facsimile: (714) 455-5754
8  zbulthuis@huntingtonls.com

9  Attorneys for Defendant
   Nefab Packaging, Inc.

10

11        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                COUNTY OF LOS ANGELES
12    CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE**

13  ENRIQUE F. GONZALEZ,                )  Case No.: BC509129
    individually and on behalf of other  )  Judge Lee Smalley Edmon
14  persons similarly situated,          )  Dept: 322, Room 1702
                                         )
15                   Plaintiff,          )  **NOTICE OF REMOVAL**
                                         )
16                                       )
          vs.                            )
17                                       )  Hearing Date: N/A
18  NEFAB PACKAGING, INC., a New         )  Hearing Time: N/A
    Hampshire Corporation, and DOES 1-   )  Hearing Dept: N/A
19  10,                                  )
                                         )  Complaint Filed:  May 15, 2013
20                                       )
                 Defendants.            )
21           **NOTICE TO STATE COURT OF REMOVAL**

22  TO THE HONORABLE COURT:

23
24      Please take notice that Defendant Nefab Packaging, Inc. has, pursuant to

25  federal law, filed with the Clerk of the United States District Court for the Central

26
27  District of California, Los Angeles Division, a Notice of Removal, a copy of which

28  is attached and filed with this document, and that this action is removed to the

---

1
NOTICE OF REMOVAL

United States District Court for trial as of today, June 21, 2013.  Also attached is a

copy of the Notice to Adverse parties, which will be served as of today, June 21,

2013.  This Court is respectfully requested to proceed no further in this action,

unless and until such time as the action may be remanded by order of the United

States District Court.

DATED:  June 21, 2013                          Respectfully Submitted,


                                               *Marcia Jackson*
                                               Marcia N. Jackson (SBN 173682)
                                               WICK PHILLIPS GOULD & MARTIN LLP
                                               2100 Ross Avenue, Suite 950
                                               Dallas, TX 75201
                                               Telephone: (214) 692-6200
                                               Facsimile: (214) 692-6255
                                               mjackson@wickphillips.com

                                               Zachary A. Bulthuis (SBN 223825)
                                               HUNTINGTON LEGAL SOLUTIONS
                                               17011 Beach Blvd. Ste. 900
                                               Huntington Beach, CA  92647
                                               Telephone: (213) 268-3518
                                               Facsimile: (714) 455-5754
                                               zbulthuis@huntingtonls.com

NOTICE OF REMOVAL

# **EXHIBIT B**

1   Marcia N. Jackson (SBN 173682)
    **WICK PHILLIPS GOULD & MARTIN LLP**
2   2100 Ross Avenue, Suite 950
    Dallas, TX 75201
3   Telephone: (214) 692-6200
    Facsimile: (214) 692-6255
4   Marcia.Jackson@wickphillips.com

5   Zachary A. Bulthuis (SBN 223825)
    **HUNTINGTON LEGAL SOLUTIONS**
    17011 Beach Boulevard, Suite 900
6   Huntington Beach, CA 92647
    Telephone: (213) 268-3518
7   Facsimile: (714) 455-5754
    zbulthuis@huntingtonls.com
8
    Attorneys for Defendant
9   Nefab Packaging, Inc.

10              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
11                 LOS ANGELES DIVISION

12   **ENRIQUE F. GONZALEZ,**          )   Civil Action No. _____
     **Individually and on behalf of other** )
13   **Persons similarly situated,**   )
                                       )   **DECLARATION OF**
14            **Plaintiff,**           )   **VICTORIA GUERRE IN**
                                       )   **SUPPORT OF DEFENDANT'S**
15   **vs.**                           )   **NOTICE OF REMOVAL**
                                       )
16                                     )
17                                     )   **Complaint Filed: May 15, 2013**
                                       )
18                                     )
     **NEFAB PACKAGING, INC.**         )
19   **a New Hampshire Corporation, and** )
     **DOES 1-10,**                    )
20                                     )
              **Defendants.**          )   **JURY TRIAL DEMAND**
21                                     )

22

23             <u>**DECLARATION OF VICTORIA GUERRE**</u>

24

25      1.    I, Victoria Guerre, declare as follows:

26

27

28

                                    1

2.     I am over the age of 18 years and have personal knowledge of the facts set forth in this Declaration.  If called as a witness, I could and would testify competently to these facts under oath.

3.     I am an HR Manager for Nefab Packaging, Inc. ("Defendant" or "Nefab").  As part of my job duties, I am a custodian of records for Nefab and have access to various Company and personnel-related documents.

4.     Nefab is a New Hampshire corporation that maintains its headquarters and principal place of business in Coppell, Texas, where my office is located.

5.     I have reviewed the three proposed class definitions in the Complaint filed by Enrique F. Gonzalez.  In reviewing Company records to determine Nefab employees who would fall into the definitions as they have been defined by Mr. Gonzales, my review of Company records reveals that there are at least 300 individuals who fall under one or more of these proposed class definitions.  In fact, my review of records indicates that there are approximately 290 individuals that would fall under the definition of "Former Employee Class."

6.     Although Nefab never employed Mr. Gonzalez, I have access to documents and contracts between Nefab and On-Call Staffing Services, who employed Plaintiff while he worked for Nefab.  Based on my understanding of those documents, the per hour pay range for Mr. Gonzalez appears to have ranges from $8 to $10 per hour.

I declare under penalty of perjury, under the laws of the State of California, the State of Texas, and the United States of America that the foregoing is true and correct, and within my personal knowledge.

Executed this 20th day of June, 2013, in _____Coppell_____, Texas.

_____
Victoria Guerre

1
2
3
4          DOCS31019
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF VICTORIA GUERRE

## PROOF OF SERVICE

I am a resident of the state of California, over the age of eighteen years and not a party to this action. My business address is 17011 Beach Blvd. Ste. 900, Huntington Beach, CA 92647.

On June 21st, 2013, I served the following document(s):

1. DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a) AND 28 U.S.C. § 1441(b)

2. CIVIL COVER SHEET

3. CERTIFICATION AND NOTICE OF INTERESTED PARTIES

on the parties listed below as follows:

| | | |
|---|---|---|
| **Ari E. Moss, Esq.**<br>**LAW OFFICES OF**<br>**ARI MOSS**<br>**15300 Ventura Blvd.**<br>**Suite 207**<br>**Sherman Oaks, CA**<br>**91403** | **Kenneth A. Goldman,**<br>**Esq.**<br>**LAW OFFICE OF**<br>**KENNETH GOLDMAN**<br>**15300 Ventura Blvd.**<br>**Suite 207**<br>**Sherman Oaks, CA**<br>**91403** | **Zorik Mooradian, Esq.**<br>**LAW OFFICES OF**<br>**ZORIK MOORADIAN**<br>**16501 Ventura Blvd.**<br>**Suite 470**<br>**Encino, CA 91436** |

☐ BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in Los Angeles, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

☐ BY FACSIMILE

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒ BY HAND-DELIVERY: By causing delivery by ASAP Legal, , LLC, I caused delivery of a true copy of the foregoing document(s) in a sealed envelope by hand to the address above.

Zachary A. Bulthuis

PROOF OF SERVICE

1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 4499 JAK (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---